NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES B. ELROD, | ) | No. C 09-04584 JF (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| D. J. HARLOW, et al., | ) ) | |
| Defendants. | ) ) ) | (Docket No. 18) |

Plaintiff, a California prisoner incarcerated at the Pelican Bay State Prison ("PBSP") in Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against PBSP prison officials for unconstitutional acts. Defendants Harlow and Rice filed a motion to dismiss the complaint on the grounds that the complaint fails to state a claim upon which relief can be granted and that they are entitled to qualified immunity. (Docket No. 18.) Plaintiff filed opposition, and Defendants filed a reply.

**BACKGROUND**

Plaintiff challenges the PBSP officials' 2008 decision finding him ineligible for inactive gang status although he had no current criminal gang activity within the past six

years. The Court found the following claims cognizable: (1) Defendants violated due process by using unreliable and "untrue" information that does not constitute some evidence of current criminal gang activity, (Compl. Attach. at 10); (2) the wrongful decision was made in retaliation for the homicide of Plaintiff's cell-mate, (id.); (3) Plaintiff's procedural due process rights were violated during the inactive status review process, (id. at 13); and (4) Defendants violated Plaintiff's state due process rights, (id.).

## DISCUSSION

I.   Statement of Facts

The following facts are not disputed unless otherwise indicated. Plaintiff was initially validated as an Aryan Brotherhood associate in 2001 in accordance with state regulations.[1] (Mot. at 4.) A subsequent review was conducted in December 2003. (Compl. Ex. C.) After the CDCR validates an inmate as a prison-gang member or associate, the state regulations permit, but do not require, an inactive-status review of a validated inmate housed in the Security Housing Unit (SHU). Cal. Code Regs., tit. 15 §§ 3341.5(c)(5). During the inactive-status review, the inmate receives an opportunity to be heard regarding the items referenced in the inactive-status package. Id. § 3378(c)(6)(A)-(D).

On May 29, 2008, Defendant Harlow reviewed Plaintiff's central file as part of an inactive-status review, during which he identified fourteen documents as valid evidence indicating Plaintiff's current gang involvement, including three documents stating that Plaintiff murdered his cellmate at the behest of the Aryan Brotherhood. (Compl. at 5.) In

---

[1] The California Department of Corrections and Rehabilitation ("CDCR") validates inmates as prison-gang members or associates if the CDCR determines that there are at least three independent pieces of evidence indicating membership or association. Cal. Code Regs., tit, 15 §§ 3378(c)(3)-(4); (Mot. at 4). A gang investigator investigates gang involvement and recommends validation by sending a validation package to the Office of Correctional Safety, which makes the final decision whether to validate the inmate. Id. § 3378(c), (c)(6).

accordance with the state regulations, see Cal. Code Regs., tit. 15 § 3378(c)(6)(A)-(D), Defendant Harlow provided Plaintiff with the non-confidential evidence and disclosure forms for the confidential evidence, and informed him that he would be interviewed after twenty-four hours. (Compl. at 7.) Defendant interviewed Plaintiff on June 6, 2008, at which time Plaintiff submitted eleven pages in response to the evidence. (Id.) On June 9, 2008, Defendant Harlow provided Plaintiff with a copy of the inactive-status package in which he recommended that Plaintiff be considered active with the Aryan Brotherhood, and that his validation be changed from associate to member. (Id.) on August 28, 2008, the Office of Correctional Safety validated Plaintiff as an Aryan Brotherhood member, accepting twelve of the fourteen pieces of evidence submitted in the inactive-status package. (Id., Ex. C.)

II.     Failure to State a Claim

Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to

dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570; see, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

### A.   Due Process

Plaintiff's first and third claims are that Defendants violated due process by using unreliable and "untrue" information that does not constitute some evidence of current criminal gang activity during his inactive-status review, (Compl. Attach. at 10), and that during the review his procedural due process rights were also violated. The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (*i.e.*, denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (*i.e.*, denial of substantive due process guarantees). See County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998).

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). A state may not impose such changes without complying with minimum requirements of procedural due process. See id. at 484.

Deprivations that are authorized by state law and are less severe or more closely

related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, *i.e.*, give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See id. at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

      Defendants argue that Plaintiff fails to show that the inactive review process caused an atypical and significant hardship and therefore fails to state a due process claim.  (Mot. at 6.)  Defendants assert that the inactive-status review at issue did not change Plaintiff's conditions of confinement because Plaintiff was housed in the SHU before, during, and after the review.  (Id.)  Because there was no change in the conditions of confinement as a result of the review, Defendants argue that the due process claim must be dismissed for failure to state a claim.  (Id.)  Defendants also assert that even if the 2008 inactive-status review caused an atypical and significant hardship, the state regulations indicate that inactive-status reviews are discretionary and therefore do not create a protected liberty interest without which there cannot be a federal due process claim.  In opposition, Plaintiff merely repeats his assertions that the decision to deny him inactive status was "arbitrary and capricious" and based on "erroneous evidence that [does] not rise to the level of 'some evidence.'"  (Oppo. at 4-5.)  Plaintiff has failed to show that the inactive-status review in question caused a change in the conditions of confinement that amounts to "an atypical and significant hardship," to refute to Defendants' assertions.  Furthermore, the discretionary language of the state regulation regarding inactive-status reviews implies that there was no state created liberty interest to such reviews which would require compliance with procedural due process.  See Sandin, 515 U.S. at 484.  Accordingly, Plaintiff's due process claims must be dismissed for failure to state claim.

### B. Retaliation

Plaintiff's second claim is that Defendants validated him as a gang member in retaliation for the murder of his cellmate. (Compl. Attach. at 10.) The only constitutional basis for a retaliation claim in the prison context is under the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Defendants argue that Plaintiff's claim fails because killing a person is not protected conduct under the First Amendment. (Mot. at 7.) Plaintiff argues in opposition that certain statements by Defendant Beeson show that Plaintiff was denied inactive status solely due to the murder. Nevertheless, Plaintiff fails to show how the murder of his cellmate, the fact of which he does not dispute, was "protected conduct" or that it chilled the exercise of his First Amendment rights. Accordingly, his retaliation claim must be dismissed for failure to state a claim.

### C. State Law Claim

Plaintiff's last claim is that Defendants violated his state due process rights. Defendants argue that this claim must be dismissed because Plaintiff has failed to allege facts showing that he properly exhausted his state-law claim in accordance with the Government Claims Act, Cal. Gov't Code §§ 905, 905.2, 945.4. (Mot. at 7.) In the alternative, Defendants argue that the Court should dismiss the state law claim if it decides to dismiss the federal claims discussed above.

The Court has discretion under 28 U.S.C. § 1367(c) to adjudicate or to dismiss the remaining state law claims when it has dismissed all claims over which it has original jurisdiction. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state-law claims under subsection (c)(3)

1  once it has dismissed all claims over which it has original jurisdiction.)  Plaintiff's state
2  due process claim is based on the same set of facts as his federal due process claims,
3  which the Court has dismissed above.  Accordingly, the Court declines to exercise
4  jurisdiction over the remaining state law claim, and will dismiss this claim without
5  prejudice.  See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996).
6  III.    Claims Against Unserved Defendants
7          On February 3, 2010, the Court directed the clerk to prepare the summons for
8  service of the complaint upon Defendants J. Beeson and S. Kissel, and the United States
9  Marshal to effectuate such service.  On March 17, 2010, the Marshal returned the
10 summonses unexecuted as to these Defendants.  (See Docket Nos. 10 & 11.)
11 Accordingly, Defendants Beeson and Kissel have not been served and have not appeared
12 in this action.  However, a motion may be granted by the court sua sponte in favor of a
13 nonappearing party on the basis of facts presented by other defendants who have
14 appeared.   See Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008)
15 (holding district court properly granted motion for judgment on the pleadings as to
16 unserved defendants where such defendants were in a position similar to served
17 defendants against whom claim for relief could not be stated); Silverton v. Dep't of
18 Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  Defendants Beeson and Kissel are in
19 positions similar to Defendants Harlow and Rice in that the claims against them for
20 violating Plaintiff's due process rights and for retaliation are based on the same facts as
21 Plaintiff's claims against Defendants Harlow and Rice.  Accordingly, the claims against
22 Defendants Beeson and Kissel are DISMISSED for failure to state a claim.  See
23 Abagninin , 545 F.3d at 742.
24          In light of the above, the Court declines to rule on the motion to dismiss on the
25 grounds that Defendants are entitled to qualified immunity as unnecessary.
26 ///
27 ///
28 ///

# CONCLUSION

For the reasons stated above, the motion to dismiss by Defendants Harlow and Rice is GRANTED for failure to state a claim upon which relief may be granted. (Docket No. 18.) All claims against unserved Defendants Beeson and Kissel are DISMISSED for failure to state a claim.

This order terminates Docket No. 18.

IT IS SO ORDERED.

DATED: 3/9/11

JEREMY FOGEL
United States District Judge

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\CR.09\Elrod04584_grant-mtd.wpd

8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JAMES B. ELROD,

        Plaintiff,

  v.

D. J. HARLOW, et al.,

        Defendants.
                                      /

Case Number: CV09-04584 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/11/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


James B. Elrod H-25268
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532


Dated: 3/11/11

                                              Richard W. Wieking, Clerk